09 CV 3173

Martin J. Feinberg
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300
(212) 451-2222 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RIVER LIGHT V, LP,

Plaintiff,

-against-

ORLY SHOE CORP., also known as ORLY
SHOE CORPORATION and EZRA ANTEBI,

Defendants.

---

Civil Action No. 09 CV \_\_\_\_\_

COMPLAINT

**JURY TRIAL DEMANDED**

---

Plaintiff River Light V, LP ("River Light"), by its attorneys Olshan Grundman Frome Rosenzweig & Wolosky LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, trademark counterfeiting, false designation of origin, dilution, false advertising, and unfair competition in violation of the laws of the United States and the State of New York. Plaintiff seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the

610179-1

statutory and common law of the State of New York.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3.    Plaintiff River Light is a New York limited partnership with its principal place of business at 99 Madison Avenue, New York, New York 10016.

4.    Defendant Orly Shoe Corp. ("Orly") is a New York corporation and maintains its principal place of business at 350 5th Avenue, Suite 6721, New York, NY 10018

5.    Ezra Antebi ("Antebi") is the Senior Vice President of Orly and is the moving, active, dominating and controlling force behind Orly's infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in the transactions alleged herein (hereinafter Orly and Antebi are collectively referred to as the "Defendants").  Defendant Antebi  regularly conducts business in the State of New York, including from his place of business at 350 5th Avenue, Suite 6721, New York, NY and within this judicial district.

## THE TT DESIGN TRADEMARK

6.    River Light, by and through its licensees, is engaged in the manufacture, distribution and sale in interstate and foreign commerce of the Tory Burch brand line of high quality sportswear and accessories for women, including footwear.  This merchandise is sold throughout the United States, Canada and Europe in high quality retail stores, high-end department stores, and specialty stores.

7.    Since early 2004, Tory Burch brand merchandise has been widely advertised, offered for sale and sold throughout the United States under various registered and common law trademarks owned by River Light, including but not limited to, TORY BURCH and the "TT"

2

Design. The TT Design trademark has at all times been owned exclusively by River Light or its predecessors.

8.      On December 6, 2005 and January 20, 2009, the TT Design trademark (the "TT Design Trademark") was entered on the Principal Register of the United States Patent and Trademark Office ("USPTO") as Registration No. 3,563,326. These registrations are valid and subsisting and in full force and effect. Copy of these registrations are attached as Exhibit A.

9.      As a result of River Light's exclusive and extensive use and promotion of the TT Design Trademark, this mark has acquired enormous value and recognition in the United States, Canada and Europe. The TT Design Trademark is well known to the consuming public and trade as identifying and distinguishing River Light exclusively and uniquely as the source of the high quality merchandise to which the TT Design Trademark is applied.

10.     Among the many products marketed using the TT Design Trademark are River Light's various styles of footwear that prominently feature this trademark. This footwear has achieved substantial success in the marketplace.

## DEFENDANTS' WRONGFUL ACTS

11.     Defendants, without the consent of River Light, are manufacturing, distributing, advertising, offering for sale, and selling, throughout the United States, footwear bearing infringements and/or counterfeits of the TT Design Trademark (the "Counterfeit Footwear").

12.     Defendants' aforementioned acts are likely to cause confusion and mistake among consumers that (a) the Counterfeit Footwear originated with River Light, (b) there is some affiliation, connection or association of Defendants and/or the Counterfeit Footwear with River Light, and/or (c) such Counterfeit Footwear are being offered to consumers with the sponsorship

3

and/or approval of River Light, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the TT Design Trademark.

13.    Defendants' aforementioned acts were willful and intentional, in that Defendants either knew that said footwear bore a logo confusingly similar, substantially indistinguishable and/or identical to the TT Design Trademark, or willfully ignored such fact. Defendants' acts were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain the benefit of the enormous goodwill associated with the TT Design Trademarks.

### FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT)

14.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 13 above as if fully set forth herein.

15.    Defendants' use of the TT Design Trademark, without River Light's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Counterfeit Footwear.

16.    Defendants' misconduct has injured River Light in an amount to be determined at trial and has caused and will continue to cause irreparable injury to River Light, for which River Light has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (FEDERAL TRADEMARK COUNTERFEITING)

17.    River Light repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if fully set forth herein.

4

18.     The TT Design Trademark, as being used by Defendants, are identical to or substantially indistinguishable from the registered TT Design Trademark. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

19.     Such conduct on the part of Defendants has injured River Light in an amount to be determined at trial and has caused and threatens to cause irreparable injury to River Light for which River Light has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

20.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

21.     Defendants' use of the TT Design Trademark, without River Light's consent, constitutes the use of false or misleading designations or origin and/or the making of false of misleading representation of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Counterfeit Footwear distributed, offered for sale and sold by Defendants bearing the infringing TT Design Trademark.

22.     Defendant's misconduct has injured River Light in an amount to be determined at trial and has caused and will continue to cause irreparable injury to River Light, for which River Light has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (FEDERAL TRADEMARK DILUTION)

23.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

5

610179-1

24.     The TT Design Trademark is famous and inherently distinctive. River Light and its predecessors in interest, in connection with the promotion and sale of their products, have used the TT Design Trademark on both a national and international basis. As a result of River Light's extensive and substantial promotion of the TT Design Trademark, the consuming public and trade have come to associate the TT Design Trademark uniquely and distinctly with River Light and its high quality merchandise.

25.     Long after the TT Design Trademark became famous, Defendants, without authority from River Light, used unauthorized reproductions, counterfeits, copies and colorable imitations of the TT Design Trademark and thereby caused, and are causing, the actual dilution of the distinctive qualities of the registered trademark.

26.     As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. §1125(c).

27.     Such conduct on the part of Defendants has injured River Light in an amount to be determined at trial and has caused and threatens to cause irreparable injury to River Light for which River Light has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## (FALSE ADVERTISING)

28.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 above as if fully set forth herein.

29.     Defendants, without River Light's consent, have made use of false advertising and/or false or misleading representations of fact which are likely to cause confusion and mistake among the consuming public that the Counterfeit Footwear infringing the TT Design Trademark and distributed, advertised, offered for sale and sold by Defendants, emanate from, or are otherwise associated with River Light in violation of 15 U.S. C. § 1125(a).

6

610179-1

30.    Defendants' misconduct has injured River Light in an amount to be determined at trial and has caused and will continue to cause irreparable injury to River Light, for which River Light has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

31.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32.    Defendants' foregoing actions constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

33.    Defendants' misconduct has injured River Light in an amount to be determined at trial and has caused and will continue to cause irreparable injury to River Light, for which River Light has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 349)

34.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35.    The aforementioned acts of Defendants constitute deceptive acts and practices, and cause consumer injury. These aforementioned acts of Defendants not only harm River Light, but also harm the public interest, all in violation of New York General Business Law § 349.

36.    Defendants' misconduct has injured River Light and has caused and will continue to cause irreparable injury to River Light, for which River Light has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 360-l)

37.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as if fully set forth herein.

38.     As a result, Defendants have injured River Light's public image and business reputation and/or diluted the distinctive quality of the TT Design Trademark in violation of New York General Business Law § 360-1.

39.     Such conduct on the part of Defendants have injured River Light in an amount to be determined at trial and has caused and threatens to cause irreparable injury to River Light for which River Light has no adequate remedy at law.

WHEREFORE, River Light demands that a judgment be entered granting the following relief:

1. Preliminarily and permanently enjoining and restraining Defendants and their affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) imitating, copying or making unauthorized use of the TT Design Trademark;

(b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying the Counterfeit Footwear or any other products bearing any unauthorized reproduction, counterfeit, copy or colorable imitation of the TT Design Trademark, either individually or in conjunction with other words, marks or designs;

(c) using any mark confusingly similar to any of the TT Design Trademark in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with River Light or to any goods sold, sponsored, approved by, or connected with River Light;

8

(d) engaging in any other activity constituting unfair competition with River Light, or constituting an infringement of any of the TT Design Trademark or of River Light's rights in, or its rights to use or exploit such trademarks, or the reputation and the goodwill associated with the TT Design Trademark;

(e) making any statement or representation whatsoever, with respect to the Counterfeit Footwear that falsely designates River Light as the origin of the goods, or that is false or misleading with respect to River Light; and

(f) engaging in any other activity, including the effectuation of assignments or transfers of their interests in marks confusingly similar to the TT Design Trademark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above.

2. Directing that Defendants deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices or other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the TT Design Trademark and/or any unauthorized reproductions, counterfeits, copies or colorable imitations thereof.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products at issue in this case that have been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by River Light or are related to or associated in any way with River Light's products.

4. Requiring Defendants to account and pay over to River Light all profits realized by their wrongful acts, and trebling those amounts, pursuant to 15 U.S.C. § 1117.

9

5. Awarding River Light, at its election, statutory damages in the amount of $2,000,000.00 per mark for each type of good in connection with which Defendants used counterfeits of the TT Design Trademark.

6. Awarding River Light its costs reasonable attorneys' fees, investigative fees and expenses, together with pre-judgment interest.

10

7. Awarding River Light such other and further relief as the Court deems just and proper.

**Plaintiff demands a trial by jury on all claims so triable.**

Dated: New York, New York
     April __1__, 2009

Respectfully submitted,

By: _____

Martin J. Feinberg
Olshan Grundman Frome Rosenzweig &
Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300
(212) 451-2222 (fax)
*Attorneys for Plaintiff*

11

Int. Cls.: 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 39 and 41

## United States Patent and Trademark Office

Reg. No. 3,563,326

Registered Jan. 20, 2009

## TRADEMARK
## PRINCIPAL REGISTER



RIVER LIGHT V, L.P. (DELAWARE LIMITED PARTNERSHIP)
99 MADISON AVENUE NEW
NEW YORK, NY 10016

FOR: A FULL LINE OF HANDBAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 2-1-2004; IN COMMERCE 2-1-2004.

FOR: A FULL LINE OF WOMEN'S CLOTHING AND FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-1-2004; IN COMMERCE 2-1-2004.

OWNER OF U.S. REG. NOS. 3,024,142 AND 3,029,795.

THE MARK CONSISTS OF A CIRCLE WITH A "T" AND AN UPSIDE DOWN "T" IN THE MIDDLE.

SER. NO. 77-345,778, FILED 12-6-2007.

JOHN GARTNER, EXAMINING ATTORNEY